JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06764; CV 15-06769; CV 15-06771; CV 15-06773; CV 15-06776; CV 15-06777; CV 15-06778; CV 15-06781; CV 15-06782; CV 15-06785; CV 15-06787; CV 15-06788; CV 15-06791; CV 15-06792; CV 15-06793; CV 15-06795; CV 15-06796; CV 15-06799; CV 15-06800; CV 15-06804; CV 15-06806; CV 15-06809; CV 15-06810; CV 15-06811; CV 15-06815; CV 15-06816; CV 15-06817; CV 15-06820; CV 15-06824; CV 15-06825; CV 15-06827; CV 15-06828; CV 15-06829; CV 15-06830; CV 15-06832; CV 15-06833; CV 15-06836; CV 15-06837; CV 15-06838; CV 15-06839; CV 15-06841; CV 15-06844; CV 15-06845; CV 15-06846; CV 15-06847; CV 15-06848; CV 15-06849; CV 15-06850; CV 15-06851; CV 15-06852; CV 15-06853; CV 15-06854; CV 15-06855; CV 15-06856; CV 15-06857; CV 15-06858; CV 15-06859; CV 15-06862; CV 15-06863; CV 15-06865; CV 15-06868; CV 15-06925 | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [21]**

### I.     INTRODUCTION

Pending before the Court is a motion to remand sixty-two cases that have been recently removed from the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"), by Defendant Boston Scientific Corporation ("Defendant"). (Dkt. No. 21.)  The Court has designated *Donna Adkins v. Boston Scientific Corp.*, No. CV 15-06764-BRO (AJWx) as the lead case, and Plaintiff Donna Adkins's ("Plaintiff") Motion to Remand shall apply to all of the above-listed cases.  After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

78; C.D. Cal. L.R. 7-15.  For the following reasons, Plaintiff's motion is **GRANTED** and these cases are remanded to the Los Angeles County Superior Court, Central District.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on July 12, 2013, when she and sixty-four other plaintiffs filed a complaint against Defendant in the Los Angeles Superior Court.[1] (Removal ¶ 3.)  Plaintiff, along with the other plaintiffs, sought damages for injuries caused by an allegedly-defective pelvic mesh implant that Plaintiff claims was designed, manufactured, packaged, labeled, marketed, sold, and distributed by Defendant. (Removal ¶ 2; *see also* Decl. of Eva M. Weiler ("Weiler Decl.") ¶ 1, Ex. A.)  On August 28, 2013, Defendant removed the original action to this Court, claiming that the sixty-two plaintiffs diverse from Defendant improperly joined their claims with three non-diverse plaintiffs to defeat federal diversity jurisdiction.  (Removal ¶ 4.)  The Court, however, remanded the case and declined Defendant's request to adopt the fraudulent misjoinder doctrine, as Ninth Circuit has yet to embrace it.  *See Pate v. Boston Sci. Corp.*, No. CV 13-06321-BRO (ECF No. 45) (C.D. Cal. Oct. 21, 2013).  The Court also held that even assuming fraudulent misjoinder was a viable doctrine in the Ninth Circuit, "Defendant would not have met its heavy burden in demonstrating that removal was proper."  *Id.* at 7.

On August 5, 2013, Judge Highberger of the Los Angeles County Superior Court severed the claims of the sixty-five plaintiffs.[2] (Removal ¶ 1; *see also* Weiler Decl. ¶ 2,

---

[1] The original case was styled *Sherry Pate, et al. v. Boston Scientific Corp.*, No. BC5515037 (Los Angeles Superior Ct.).

[2] In the same order, (*see* Weiler Decl. ¶ 2, Ex. B), Judge Highberger also severed the claims of the plaintiffs in three similar actions involving Boston Scientific: (1) *Edgar v. Boston Scientific Corp.*, No. BC-531849 (Los Angeles Superior Ct.); (2) *Mauck v. Boston Scientific Corp.*, No. BC-515043 (Los Angeles Superior Ct.); and, (3) *Muller v. Boston Scientific Corp.*, No. BC-515042 (Los Angeles Superior Ct.).  Upon Defendant's removal, the severed cases relating to *Muller* and *Edgar* were assigned to United States District Judge Percy Anderson, while the cases relating to *Mauck* were assigned to United States District Judge George Wu.  *See In Re Boston Sci. Corp.*, No. CV 15-06741-PA, slip op. at 2 n.1 (ECF No. 29) (C.D. Cal. Sept. 29, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

Ex. B at 2.) In the severance order,[3] Judge Highberger concluded that the plaintiffs had not asserted a right to relief arising out of the same transaction or occurrence, so joinder was not permissible under California Code of Civil Procedure section 378. (Weiler Decl. ¶ 2, Ex. B at 2.) Each severed plaintiff was then given a unique docket number, but the plaintiffs were not required to submit a new filing fee or complaint. (*Id.*)

Following the severance, the removed cases relating to *Pate* were then assigned to this Court on September 11, 2015. (Dkt. No. 25.) The same day, Plaintiff filed the instant Motion to Remand, arguing that Defendant's removal violates the voluntary-involuntary rule and that it is untimely under 28 U.S.C. § 1446(c)(1). (Mot. at 2.) The Court subsequently joined together the cases relating to the *Pate* severance, assigning *Donna Adkins v. Boston Scientific Corp.*, No. CV 15-06764-BRO (AJWx) as the lead case and ordering that Defendant's Opposition and Plaintiff's Reply apply to all of the cases listed above. (Dkt. No. 34.) Defendant timely opposed the motion, (Dkt. No. 36), and Plaintiff filed a timely reply, (Dkt. No. 39).

## III. LEGAL STANDARD

Whether a defendant may rightfully remove a case from a state court to a federal district court is governed entirely by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

---

[3] The Court takes judicial notice of the Los Angeles County Superior Court's severance order, as it is a publicly-filed document. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'") (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *see also Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) ("Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies.").

Case 2:15-cv-06862-BRO-AJW Document 25 Filed 10/26/15 Page 4 of 12 Page ID #:1161

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13, 27 (1983).

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." 28 U.S.C. § 1332. The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A person is a "citizen" of the state in which he or she is domiciled, which is the place the person resides with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)).

To remove an action, a defendant must also comply with the procedural requirements of removal set forth in 28 U.S.C. § 1446. Under the statute, a defendant may remove an action within thirty days of receipt, "through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). However, if a case is not removable on the basis of the initial pleading, a defendant may later remove within thirty days of receipt "of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

With respect to the timeliness of removal, the Ninth Circuit holds that the first thirty-day period for removal as set forth in § 1446(b)(1) "only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If the case is not removable based on the initial pleading, then the second thirty-day period as set forth in § 1446(b)(3) may apply and is triggered once "a change in the parties or other circumstance revealed in a newly-filed 'paper'"

Case 2:15-cv-06862-BRO-AJW Document 25 Filed 10/26/15 Page 5 of 12 Page ID #:1162

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

demonstrates a basis for removal. *Id.* Additionally, when removal is sought on the basis of jurisdiction conferred by § 1332, a defendant cannot remove under § 1446(b)(3) more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). The one-year rule, however, does not apply where the case was initially removable under § 1446(b)(1). *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 n.3 (9th Cir. 2001).

## IV. DISCUSSION

Plaintiff's Motion to Remand rests on two principal arguments: (1) the voluntary-involuntary rule adopted in the Ninth Circuit supports remand because the severance of the non-diverse plaintiffs' claims was not a voluntary act of Plaintiff; and, (2) Defendant's removal is untimely under § 1446(c)(1) because it was filed more than one year after the commencement of this action. (Mot. at 2.) The Court will address each argument in turn.

### A. Voluntary-Involuntary Rule

Plaintiff's first argument is that the voluntary-involuntary rule prevents removal in this case because the state court's severance order was not a voluntary action by Plaintiff. (Mot. at 11–12.) In *California ex rel. Lungren v. Keating*, 986 F.2d 346 (9th Cir. 1993), the Ninth Circuit discussed the voluntary-involuntary rule, stating that

> the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum*, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

*Id.* at 348 (quoting *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918)).

Case 2:15-cv-06862-BRO-AJW Document 25 Filed 10/26/15 Page 6 of 12 Page ID #:1163

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

Thus, to properly invoke the voluntary-involuntary rule, Plaintiff must have had the power to determine the removability of the case throughout the litigation. *See In re Johnson & Johnson Cases*, No. CV 15-5311-JGB, slip op. at 5–6 (C.D. Cal. Aug. 24, 2015) (holding that where the named plaintiff was diverse from the defendants but other plaintiffs were not, "the power to defeat removal [was] wholly out of Plaintiff's hands from the commencement of [the] case. That power was held by other parties who voluntarily consented to join Plaintiff's suit. Although Plaintiff benefitted from the [non-diverse] plaintiffs' power to defeat removal, it does not follow that Plaintiff ever personally held the power to defeat removal herself. Having never personally possessed the power to defeat removal, Plaintiff cannot now assert that this power to determine the removability of [her] case continues with [her] throughout the litigation . . . .") (internal quotation marks omitted). Here, Plaintiff does not possess any such power, as she is diverse from Defendant for purposes of § 1332 and thus could not herself prevent removal at any time. If there existed a power to preclude removal in this case, it lay with the plaintiffs who are citizens of the same state as Defendant and who by the nature of their citizenship frustrate the complete diversity requirement. Any ability Plaintiff possessed to thwart removal was merely derivative of the non-diverse plaintiffs' power to do so. Accordingly, because Plaintiff herself cannot and could not defeat removal, she cannot rely on the voluntary-involuntary rule to remand this action.

**B.     28 U.S.C. § 1446(c)(1)**

**1.     Removal Is Untimely Pursuant to § 1446(c)(1)**

As discussed above, where a defendant's removal relies on § 1332 as the basis for federal jurisdiction, the defendant cannot remove under § 1446(b)(3) more than one year after the "commencement" of the action. 28 U.S.C. § 1446(c)(1). Defendant proffers many arguments in an attempt to avoid application of the one-year rule in these cases. In one such argument, Defendant contends that § 1446(c)(1) does not apply here because the claims of the individual plaintiffs were initially removable under § 1446(b)(1). (Removal ¶ 44; Opp'n at 17–18.) More specifically, Defendant maintains that because the individual plaintiffs in these actions were diverse from Defendant during the initial state court proceeding, and because each individual plaintiff sought damages in excess of $75,000, each plaintiff's claim was removable at the outset of the state court action. (*See id.*) Thus, according to Defendant, §§ 1446(b)(3) and 1446(c)(1) do not apply. (Removal

Case 2:15-cv-06862-BRO-AJW Document 25 Filed 10/26/15 Page 7 of 12 Page ID #:1164

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

¶¶ 40–41.) Rather, Defendant maintains removal is proper under § 1446(b)(1) because Defendant filed the removal within thirty days of the state court's severance, which effectively "commenced" the present action. (*Id.*)

The Court is not persuaded by this argument. Defendant overlooks that § 1441 does not provide for the removal of individual "claims." *See* 28 U.S.C. § 1441. Rather, it provides for the removal of "actions." *See id.*; *see also In re Johnson & Johnson Cases*, slip op. at 7 ("[A]ny facial plausibility of this argument is based on its conflating 'cases,' 'claims,' and 'actions.' In fact, Plaintiff's *claims* were not initially removable on diversity grounds because § 1441 does not provide for the removal of individual claims, only for the removal of actions. *See* § 1441(a). While the removal statute at one time provided for removal of individual parts of an action, the statute has since been amended to remove these provisions.") (emphasis in original). Here, of the sixty-five original plaintiffs in the state-court action, three were citizens of the same state as Defendant. (Opp'n at 16.) Thus, the *action* was not initially removable under § 1332 because complete diversity did not exist. As a result, § 1446(b)(1) does not apply here, and Defendant must have satisfied the procedural requirements of §§ 1446(b)(3) and 1446(c)(1) to properly remove the above-listed cases.

Accordingly, the principal issue here is when the case "commenced" for purposes of § 1446(c)(1). Less than thirty days after Judge Highberger's August 5, 2015 severance of the non-diverse plaintiffs' claims, Defendant filed its removal. (*Compare* Dkt. No. 1, *with* Weiler Decl. ¶ 2, Ex. B.) Therefore, if, as Defendant argues, the present case "commenced" upon the severance of those claims, Defendant satisfied the thirty-day requirement of § 1446(b)(3). *See* 28 U.S.C. § 1446(b)(3). However, if the case "commenced" when the original plaintiffs filed the state court action, the one-year rule bars removal, as over two years have passed since the plaintiffs filed their complaint in state court on July 12, 2013. *Id.*

While neither the Ninth Circuit nor any other circuit court has defined "commencement" under § 1446(c)(1), some district courts have addressed the issue of whether a state court severance "commences" a new action, thereby restarting the one-year time limit. The courts are split in their conclusions. Some district courts have held that a severance restarts the one-year time period. *See, e.g.*, *Farmer v. St. Paul Fire & Marine Ins. Co.*, No. CV-05-161-D, 2006 WL 1134238, at *2 (N.D. Miss. Apr. 24, 2006)

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

("[T]he court finds that the state court's severance of the Plaintiff's claims against [defendant] from the original action into a separate and new action restarted Section 1446(b)'s one-year time limit for removal of diversity actions . . . ."); *Crump v. Wal-Mart Grp. Health Plan*, 925 F. Supp. 1214, 1220 (W.D. Ky. 1996) ("Since the state court's act of severing [plaintiff's] claim created a separate cause of action, then it only logically follows that [§ 1446(c)'s] one-year time limitation for filing diversity jurisdiction removal began with that court's action."); *Pennsylvania Emp. Benefit Tr. Fund v. Astrazeneca Pharm., LP*, No. CV 08-04787-JF, 2008 WL 4891387, at *1 (E.D. Pa. Nov. 13, 2008) (rejecting the plaintiff's argument that the defendant's removal was untimely under § 1446(c)(1) when the defendant filed the removal over one year after the plaintiff filed the original complaint, reasoning that the state court severed the claim, the plaintiff filed a new complaint, and the defendant removed within thirty days of the severance).

Defendant also cites a Fifth Circuit case to support its argument that the present action "commenced" when Judge Highberger severed the claims. (Removal ¶ 33). In *United States v. O'Neil*, the court stated that "[w]here a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." 709 F.2d 361, 368 (5th Cir. 1983). Setting aside the fact that *O'Neil* is not binding authority, Defendant's reliance on this case is misplaced, as the Fifth Circuit was not addressing whether a state court's severance resets the one-year limitation period. *See id.* In fact, the timing restriction was not mentioned in the case at all. *See id.* Rather, the court was determining whether the district court had severed the claims under Federal Rule of Civil Procedure 21. *Id.* Accordingly, this Court declines to construe the Fifth Circuit's out-of-context statement as a conclusion that a state court's severance of claims creates a newly "commenced" action for purposes of § 1446(c)(1).

The other set of district court cases addressing the severance issue holds that a case "commences" when the state court action is filed, not when the state court issues its severance order. *See, e.g.*, *Wejrowski v. Wyeth*, No. CV-06-292-CDP, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012) ("Thus, like a Rule 21 severance, this severed claim proceeds as a discrete, independent action and the trial court may render final, appealable judgment on the severed claim . . . . But even though the plaintiffs' second amended complaint will proceed as an independent claim from the point it was severed, it

Case 2:15-cv-06862-BRO-AJW Document 25 Filed 10/26/15 Page 9 of 12 Page ID #:1166

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

was still part of the original case filed on July 7, 2004, and the state court recognized that it was commenced then. Defendant'[s] opportunity to remove was limited to one year from that original commencement date, and the intervening removal, remand, and severance have no effect on the one-year time limit.") (internal quotation marks and citation omitted); *Clark v. Wyeth*, No. CV-06-275-RWS, 2012 WL 3027916, at *1 (E.D. Mo. July 24, 2012) (holding that the case "commenced" the day it was filed in state court, and noting that "the state court did not dismiss the claims or require the filing of new actions. Instead, the severance order required the plaintiffs to file separate amended petitions. No filing fee was imposed and no service of process was required for the amended petitions."); *Perez v. Lancer Ins. Co.*, No. C-06-388, 2006 WL 2850065, at *2 (S.D. Tex. Oct. 4, 2006) (holding that the defendant was time-barred from removing the case because the case did not "commence" on severance of the state law claims, but rather when the case was filed in state court).

In an action in this district that was directly related and factually identical to the present case,[4] Judge Anderson held that, for purposes of § 1446(c)(1), "the date of the 'commencement of the action' of each individual plaintiff's claims was the date of the filing of the initial complaint" in state court. *In re Boston Sci. Corp.*, No. CV-15-06741, slip op. at 4 (C.D. Cal. Sept. 29, 2015). In coming to this conclusion, Judge Anderson relied on the fact that "Judge Highberger did not order the filing of new complaints or filing fees when he severed the claims of the individual plaintiffs." *Id.* As such, the state court "otherwise treated those [severed] claims as continuations of the claims previously asserted" in the original actions. *Id.*

Likewise, in *Perez v. Lancer Insurance Co.*, the Southern District of Texas stated that the policies behind § 1446 support a finding that cases commence when the original state court proceeding is filed. *Perez*, 2006 WL 2850065, at *4. "As the Fifth Circuit has noted, Congress enacted the one-year time limit to 'address[ ] problems that arise from a change of parties as an action progresses toward trial in state court, such as when the elimination of parties may create for the first time a party alignment that supports diversity jurisdiction.'" *Id.* (quoting *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998)) (brackets in original); *see also* H.R. Rep. No. 100-889 (1988). "Congress found that '[r]emoval late in the proceedings may result in substantial delay

---

[4] *See* discussion *supra* note 2.

Case 2:15-cv-06862-BRO-AJW Document 25 Filed 10/26/15 Page 10 of 12 Page ID #:1167

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

and disruption' of a case, and enacted the one-year limit as 'a means of reducing the opportunity for removal after substantial progress has been made in state court.'" *Id.* (quoting *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998)); *see also* H.R. Rep. No. 100-889 (1988). The *Perez* court reasoned that the state court's severance order was "precisely the kind of elimination of parties creating for the first time a party alignment that supports diversity jurisdiction that motivated Congress" to codify the one-year time limit. *Id.* (internal quotation marks omitted). It further explained that to permit the defendant to remove over a year after the plaintiffs filed the initial action in state court would cause the type of "substantial delay and disruption" Congress sought to prevent by creating the one-year limit. *Id.*

This Court agrees with the line of cases holding that when a state court severs previously joined claims, the severance does not "commence" a new action for purposes of § 1446(c)(1). As applied here, each individual plaintiff's claim commenced on July 12, 2013—the date the initial complaint was filed in *Pate*. In coming to this decision, the Court considers that the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal." *Id.* These principles, coupled with the fact that Congress created the one-year limit to avoid "removal late in the proceedings" because it "may result in substantial delay and disruption," support the Court's conclusion that this action commenced for purposes of § 1446(c)(1) when the original plaintiffs filed their complaint in state court on July 12, 2013. H.R. Rep. No. 100-889 (1988). Moreover, that Judge Highberger did not require the filing of a new complaint or filing fees after severing the claims further supports this conclusion, as it demonstrates the court's treatment of those claims as continuations of the original action. *See In re Boston Sci. Corp.*, No. CV-15-06741, slip op. at 4 (C.D. Cal. Sept. 29, 2015). Accordingly, the Court finds that so long as Plaintiff did not act in bad faith to bar Defendant's removal under § 1446(c)(1), Defendant failed to timely remove this case.

### 2. Plaintiff Did Not Engage in Bad Faith

As discussed above, the one-year rule does not apply if Plaintiff acted in bad faith to prevent Defendant from removing the action. *See* U.S.C. § 1446(c)(1). Defendant argues that by joining her claims with sixty-one diverse and three non-diverse plaintiffs, Plaintiff acted in bad faith to defeat diversity jurisdiction. (Opp'n at 16.) Plaintiff, on the

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

other hand, argues that bad faith is a high threshold and that, absent any other evidence, joining three non-diverse plaintiffs in the original complaint does not meet that high standard. (Mot. at 18–19.) Plaintiff also points out that this Court previously remanded this case and in doing so did not find that there was fraudulent misjoinder. (Mot. at 19.)

While the Ninth Circuit has not addressed what conduct meets the bad faith requirement under § 1446(c)(1), bad faith carries a high threshold in the context of determining sanctions. *Escalante v. Burlington Nat'l Indem., Ltd.*, 2014 WL 6670002, at *3 (C.D. Cal. Nov. 24, 2014) ("While the bad-faith standard in regard to § 1446 is unclear, the Ninth Circuit has previously held that the requirement of bad-faith, in the context of awarding sanctions, carries with it a high threshold and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings.") (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). "Previous examples of bad faith include removal-defeating strategies such as fraudulently joining parties to destroy diversity or refraining to serve defendants until the passage of the one-year deadline." *Id.*

The Court finds Plaintiff did not engage in bad faith by joining non-diverse plaintiffs in the original action. While Judge Highberger severed the non-diverse plaintiffs' claims and found that joinder was not appropriate, he did not conclude that the plaintiffs' claims were *fraudulently* joined. (*See* Weiler Decl. ¶ 2, Ex. B at 2.) A finding of misjoinder is not the same as a finding of bad faith. *See In re Boston Sci. Corp.*, No. CV-15-06741, slip op. at 5 (C.D. Cal. Sept. 29, 2015). Moreover, this Court declined to find fraudulent joinder when it previously remanded a related action. *See Pate v. Boston Sci. Corp.*, No. CV 13-06321-BRO (ECF No. 45) (C.D. Cal. Oct. 21, 2013). Defendant has also not pointed to any conduct preventing it from seeking severance prior to July 2015, when it eventually attempted to sever the plaintiffs' claims. Additionally, there is no evidence before the Court indicating that Defendant could not have sought severance and removed the action within the one-year time limit. As the removing party, Defendant bears the burden of demonstrating that Plaintiff has acted in bad faith. *NKD Diversified Elecs., Inc. v. First Mercury Ins. Co.*, No. CV-14-00183-AWI, 2014 WL 1671659, at *3 (N.D. Cal. Apr. 28, 2014). Here, Defendant fails to carry its burden.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06764 ET AL. | Date | October 26, 2015 |
|---|---|---|---|
| Title | IN RE BOSTON SCIENTIFIC CORP. | | |

## V. CONCLUSION

As explained above, the Court finds that although Plaintiff cannot rely on the voluntary-involuntary rule to remand the case, Defendant's removal is untimely under § 1446(c)(1), and Plaintiff did not engage in bad faith to prevent removal. Accordingly, Plaintiff's Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the Los Angeles Superior Court, Central District. The hearing scheduled for Wednesday, October 28, 2015, at 1:30 p.m., is **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |